**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Timothy Dwayne CARPENTER,**
**Defendant—Appellant.**

No. 04–30342.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Sept. 19, 2005.

Marcia Good Hurd, Esq., Billings, MT, for Plaintiff–Appellee.

Kelly J. Varnes, Esq., Hendrickson, Everson, Noennig & Woodward, P.C., Billings, MT, for Defendant–Appellant.

Before: ALARCON, KOZINSKI and KLEINFELD, Circuit Judges.

MEMORANDUM **

1. The district court properly applied Sentencing Guidelines section 2G2.2. *See* U.S. Sentencing Guidelines Manual § 2G2.2 (2000) [hereinafter U.S.S.G]. Car-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

penter pled guilty to two different crimes, each of which gave the district court a choice under the Sentencing Guidelines between applying section 2G2.2 and 2G2.4. *See* U.S.S.G. app. A; 18 U.S.C. § 2252A(a)(2), (a)(5)(B). The offense conduct alone justified the district court's choice. *See* U.S.S.G. § 1B1.2.

■ 2. In light of the relevant conduct surrounding Carpenter's offenses, the sentencing enhancements applied by the district court—including the enhancements for "minor under the age of twelve," U.S.S.G. § 2G2.2(b)(1), "pattern of activity," *id.* § 2G2.2(b)(4), and "vulnerable victim," *id.* § 3A1.1(b)(1)—were appropriate. Carpenter admitted to engaging in "two or more separate instances of the sexual abuse or sexual exploitation of a minor." *Id.* § 2G2.2 cmt. n. 1. Further, Carpenter's victims were "less able to resist than the typical victim" under the age of twelve, *see United States v. Wright,* 373 F.3d 935, 943 (9th Cir.2004) (quoting *United States v. Wetchie,* 207 F.3d 632, 634 (9th Cir.2000)), because they were related to the defendant.

3. The district court appropriately determined that Carpenter's criminal history category did not adequately reflect the seriousness of his past conduct or his likelihood of recidivism. *See* U.S.S.G. § 4A1.3. Carpenter's likelihood of recidivism is amply supported by the record, which documents "the quantity (or 'repetitiveness') of [his] uncounted criminal conduct," and "the similarity of uncounted criminal conduct to the offense conduct." *United States v. Connelly,* 156 F.3d 978, 985 (9th Cir.1998).

■ 4. Carpenter brings *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005), to our attention. However, he did not raise a Sixth Amendment objection below and is thus entitled, at most, to a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc). An *Ameline* remand, however, is not mandatory; defendant or the government must ask for it. Neither has.

**AFFIRMED.**